UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY; and
ST. PAUL MERCURY INSURANCE
COMPANY,

             Plaintiffs,

  v.

HIGHLINE SCHOOL DISTRICT
NO. 401; SCHOOLS INSURANCE
ASSOCIATION OF WASHINGTON;
and R.T.,

             Defendants.

C17-1917 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion for reconsideration brought by defendant Schools Insurance Association of Washington ("SIAW"), docket no. 41, is DENIED. SIAW contends that it is not an "insurer" and that the ambiguity in the policy at issue should not have been construed against SIAW as the drafter. Even if true, SIAW would not be entitled to judgment as a matter of law as to the duty to defend under the General Liability insuring agreement, which provides coverage for amounts that Highline School District No. 401 ("Highline") becomes legally obligated to pay as damages "because of Bodily Injury . . . first arising out of an Occurrence during the Coverage Period." If the Court did not rely on the principle of construing ambiguities against the drafter, the Court would resort to

MINUTE ORDER - 1

extrinsic evidence concerning the parties' intent in an effort to determine whether the term "during the Coverage Period" modifies the word "Occurrence," as SIAW contends, or the phrase "Bodily Injury . . . first arising out of," as Highline suggests.[1]  In connection with its motion for summary judgment, SIAW did not offer the requisite extrinsic evidence and, even if it had, the parties' intent involves the type of genuine dispute of material fact that precludes summary judgment, particularly given that "all justifiable inferences" had to be drawn in favor of Highline as the nonmoving party.  *See* *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  SIAW disagrees with the Court's analysis that, to proceed on the underlying claim against Highline, the complainant (R.T.) must have discovered the injury or condition within the three years before her suit was commenced and that, if R.T. satisfies this prerequisite, she might be pursuing damages because of Bodily Injury "first arising" during the Coverage Period.  The issue before the Court is not whether R.T. can prove that any Bodily Injury for which she seeks damages first arose during the Coverage Period; rather, on a motion for summary judgment as to the duty to defend, the question is whether the policy at issue "conceivably covers" the allegations of the liberally construed underlying complaint.

(2)    SIAW's alternative motion, docket no. 41, for certification pursuant to 28 U.S.C. § 1292(b) to pursue an appeal of the Court's Order entered September 4, 2018, docket no. 40, is DENIED.  SIAW is reminded that such Order merely denied its motion for summary judgment.  The Court did not grant summary judgment in favor of Highline or make a ruling that SIAW has a duty to defend Highline, and the parties may proceed to trial on the issue if they wish.  In light of the procedural posture of the matter, the Court cannot make the requisite certification under § 1292(b) that an immediate appeal would materially advance the ultimate termination of the litigation.

---

[1] SIAW argues that the Court failed to determine the "trigger" for coverage.  The Court could not do so, however, because the policy language was ambiguous.  SIAW accuses the Court of not considering the contract as a whole in finding that the policy language at issue is ambiguous.  It uses as an example the phrasing of the Automobile Liability insuring agreement, which requires SIAW to pay amounts for which Highline becomes "legally obligated to pay as damages because of Bodily Injury or Property Damage . . . first arising out of an Accident during the Coverage Period and resulting from the ownership, maintenance or use of a Covered Automobile in the Coverage Territory."  *See* Ex. K to Rosner Decl. (docket no. 28-3 at 118).  This wording suffers from the same ambiguity as the language at issue in the General Liability insuring agreement, leading to the similar question of whether the term "during the Coverage Period" modifies the word "Accident" or the phrase "Bodily Injury or Property Damage . . . first arising out of." SIAW asserts that "[n]o one would argue that the auto liability coverage issued in 2009 applies to emotional distress resulting from a 1994 auto accident," SIAW's Mot. at 3 (docket no. 41), but it cites to no authority for this proposition, and its attempt to use similarly ambiguous language to disprove the existence of an ambiguity fails.  Moreover, although SIAW contends that the jurisprudence concerning Washington insurance law does not support coverage for sexual abuse occurring before a policy issued, SIAW has identified no Washington case addressing the issue.

MINUTE ORDER - 2

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 11th day of October, 2018.

              William M. McCool
              Clerk

              s/Karen Dews
              Deputy Clerk